UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

MICHAEL S. FORD

       VS

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
DITECH FINANCIAL, LLC

**COMPLAINT FOR DECLARATORY JUDGMENT,  VIOLATION OF THE
VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING,
BREACH OF CONTRACT ,  BREACH OF CONTRACT IN APPLICATION
OF PAYMENTS TO THE MORTGAGE LOAN ACCOUNT,  VIOLATION
OF THE RHODE ISLAND FAIR DEBT COLLECTION PRACTICES ACT
AND VIOLATION OF R.I.G.L.§19-14.11-4**

     Plaintiff, Michael Ford by his attorney, complains of Defendants as follows:

1.     Plaintiff, Michael Ford is a  resident of the State of Rhode Island
residing at 30 Kenyon Hill Trail, Rhode Island.

2.     Plaintiff executed a mortgage on February 4, 2008 to Mortgage
Electronic Registration Systems, Inc. as Nomine for BankUnited, FSB.

3.     Federal National Mortgage Association ("FNMA") is a corporation
established by an Act of Congress. Ditech Financial, LLC, ("Ditech") formerly
known as Greentree Servicing, is a Delaware Limited Liability Company. It was
the loan servicer for the   Plaintiffs mortgage loan.

4.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. Sec.
1332 (diversity jurisdiction) as the matter in controversy exceeds $75,000.00
exclusive of interest and costs, and because the Defendants are foreign entities with
a principal residence outside of the State of Rhode Island.

5.      Defendant, Federal National Mortgage Association,  by its attorney scheduled a foreclosure sale for   Plaintiffs  home on April 12, 2016 at 1:00 P.M. This Notice was sent to   Plaintiff along with an addendum pursuant to the provisions of RIGL 34-27-4(d).

6.      Green Tree Servicing, now known as Ditech Financial LLC threatened to and did publish advertisements of a foreclosure sale of   Plaintiff home in the Westerly Sun for a sale on April 12, 2016.

7.      Green Tree, now known as Ditech, on behalf of Federal National Mortgage Association, through its attorney, hired an auctioneer to conduct a foreclosure sale of the   Plaintiffs home.

8.      Neither FNMA, Ditech or anyone acting on their behalf have sent Plaintiff, a notice, which was compliant with the provisions of paragraph 22 of Plaintiffs  mortgage and have not accelerated the note pursuant to paragraph 22 of the mortgage, which allows acceleration only if a valid default letter is sent to the mortgagor.

9.      Before an acceleration of the loan was declared, the Lender was required to send   Plaintiff a notice to their address which specified:

   a.      the default;

   b.      the action required to cure the default, stating a date, not less than 30 days,  from the date the notice was mailed to the Plaintiff, on which the default must be cured;

   c.      that failure to cure the default on  or before the date specified in the Notice may result in the acceleration of the security instrument and sale of the property;

   d.      the right to bring a court action to asset the non-existence of a default of Borrower to acceleration and sale.

10.     Paragraph 22 of the mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

**Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The  notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be**

**cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform**

**Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15.  Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

11.    The provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage.  There was no compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

12.    Any alleged exercise of the statutory power of sale to   Plaintiff was defective because the Lender never sent the   Plaintiff a default notice as required by paragraph 22 of the mortgage and the Lender never sent the   Plaintiff an acceleration notice pursuant to the terms of the mortgage. Specifically any notices which were sent to the Plaintiff did not indicate that he had a specific date to cure any default. Rather any notices indicated that he had to cure any defaults within thirty days of the date of a default letter. In addition any such notices did not indicate that if the Plaintiff did not cure the default within thirty days of the date that the letter was sent that the mortgage loan may be accelerated.

13.    The   Plaintiff has incurred actual damages as the result of the conduct of FNMA in not complying with the provisions of paragraph 22 of the mortgage. The   Plaintiffs mortgage loan account has been charged legal fees and

expenses for postage and advertising for a foreclosure sale without providing for mediation as required by the statute or by the terms of the mortgage.  He has incurred legal fees in defending an eviction action derived from a foreclosure not in conformity with the statute or the terms of the mortgage. He has also been forced to hire an attorney to defend an eviction action brought against him in the Rhode Island District Court.

14.     The  Plaintiff has incurred emotional distress from the improper foreclosure of his home. He has suffered nervousness and anxiety from these improper actions.

## COUNT I

## BREACH OF CONTRACT

15.     Paragraphs 1-16 are incorporated by reference.

16.     Paragraph 22 of the mortgage provides that the Lender must send a notice of default which contains specific language as a condition precedent to acceleration and sale.

17.      Plaintiff never received any a default letter, which was sent as required by the terms of the mortgage from the lender or owner of the note or the mortgage or an agent indicating that it was acting on behalf of the lender or owner of the note and the mortgage.

18.     Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the    Plaintiff's property. This action constituted a breach of contract, resulting in damages to the    Plaintiff, who was required to hire an attorney to commence this case.

19.     Pursuant to Rhode Island Law and the terms of the mortgage and the Statutory Power of Sale can only be exercised if a mortgagee accelerates the mortgage after a proper default notice pursuant to the terms of the mortgage.

WHEREFORE,   Plaintiff demands that this Court:

a.     Award him damages against Federal National Mortgage Association  for failure to comply with the terms of the mortgage.

    b.    Award him damages against Federal National Mortgage Association for legal fees and damages arising from the breach of contract.

    c.    Award him damages for intentional infliction of emotional distress.

    d.    Award him legal fees pursuant to R.I.G.L.§ 9-1-45 against Federal National Mortgage Association.

    e.    Grant all other just and proper relief.

MICHAEL S. FORD
By his attorney,

March 5, 2017

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
401-943-9230
jbelaw@aol.com

## COUNT II

## VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING

20.    Paragraphs 1- 19 are incorporated by reference.

21.    The mortgage contract between  Plaintiff and the mortgagee and its successor or assignee contained an implied covenant of good faith and dealing between the parties so that the contractual obligation of the contract might be achieved.

22.    The mortgage contract in paragraph 22 incorporates the Rhode Island Statutory Power of Sale.

23.    The Statutory Power of Sale could only be invoked by sending Plaintiff the following documents:

    a.    A default letter pursuant to the term of the mortgage was required to be sent by the lender to the  Plaintiff.

     b.     A subsequent acceleration letter from the lender to the Plaintiff was required to be sent.

     c.     A Notice of Foreclosure was required to be sent pursuant to R.I.G.L. 34-27-4 only after a default letter and acceleration had been sent to the  mortgagor by the Lender or its assignee, pursuant to the provisions of the mortgage.

24.    Federal National Mortgage Association and Ditech violated the covenant of good faith and dealing by scheduling a foreclosure  and seeking to exercise the statutory power of sale without the lender having first sent  a default notice to the   Plaintiff pursuant to the term of the mortgage.

25.    The failure to send a default letter as required by the terms of the contract was taken contrary to the contractual obligations of the parties.

26.    The Defendants previously in 2015 had sent the Plaintiff a Notice of Sale pursuant to R.I.G.L. 34-27-4 without first sending the Plaintiff a Notice of mediation as mandated by R.I.G.L. 34-27-3.2.

27.    As a result $919.44  was improperly billed to the Plaintiff's mortgage loan account by a third party outsource provided LPS Default Solutions.

28.    As a result of these actions and omissions of Federal National Mortgage Association and Ditech,   Plaintiff has incurred the following damages:

     a.     He has incurred the legal fees and costs of defending an improper eviction action

     b.      He has incurred attorney fees and costs for the prosecution of this action.

     c.     He has incurred emotional distress arising from the threat to remove him from his property.

     d.     His mortgage loan account was charged unreasonable fees and costs.

29.    The conduct of Federal National Mortgage Association  and Ditech was willful, wanton and reckless, warranting the imposition of punitive damages.

30.    These defendants ignored   the terms of the mortgage, but instead went forward and sought to foreclose without a valid default letter and previously

had sent a Notice of Sale without first sending the Plaintiff a Notice of Mediation as mandated by Rhode Island law.

WHEREFORE,   Plaintiff demands Judgment for actual damages, punitive damages, interest costs and attorney fees for the prosecution of this action against Federal National Mortgage Association and Ditech Financial, LLC.  jointly and severally and for all other just and proper relief.

MICHAEL S. FORD
By his attorney,

March 5, 2017                                      /s/ John B. Ennis
                                                           JOHN B. ENNIS, ESQ. #2135
                                                           1200 Reservoir Avenue
                                                           Cranston, RI 02920
                                                           401-943-9230
                                                           jbelaw@aol.com

## COUNT III

## COMPLAINT FOR VIOLATION OF THE RHODE ISLAND FAIR DEBT COLLECTION PRACTICES ACT

31.    Paragraphs 1-30 are incorporated by reference.

32.    This is an action for damages brought by a consumer for  Defendant,  Ditech Financial, LLC's violations of the Rhode Island Fair Debt Collection Practices Act, RIGL § 19-14.9-1et seq. (hereinafter "RIFDCPA").

33.    Jurisdiction of this Court arises under RIGL § 19-14.9-1 et seq.  Declaratory relief is available pursuant to RIGL § 19-14.9-1 et seq.  Venue in this Court is proper in that the Defendant transacts business here and the conduct complained of occurred here.

34.    Plaintiff Michael Ford is a natural person residing in the Town of Richmond, County of Washington and State of Rhode Island.

35.    Defendant Ditech is a Delaware Limited Liability Company, which has the primary purpose of collecting debts in this state with its principal place of business located at 3000 Bayport Drive, Suite 880, Tampa, Florida 33607.

36.    The principal purpose of  Ditech  is the collection of debts using the mails and telephone, and Defendant, Ditech  regularly attempts to collects debts alleged to be due itself and others

37.    Defendant is a "debt collector" as defined by the provisions of  R.I.G.L. § 19-14.9-3 ("RIFDCPA"). This Court has jurisdiction pursuant to the provisions of R.I.G.L. § 19-14.9-13

38.    When Ditech became the loan servicer for the  Plaintiff's mortgage and note, the   Plaintiff's loan was treated as if it were in default.

39.    Ditech, since August 21, 2015 has committed several violations of the RIFDCPA and is liable to the   Plaintiff for compensatory damages, statutory damages, and attorney fees and costs for violations.

40.    Ditech has used multiple unfair and unconscionable means to collect or attempt to collect a debt against the   Plaintiff.

41.    Ditech has violated the RIFDCPA by using false deceptive and misleading representations or means in connection with the collection of this alleged debt. Ditech made false representations regarding the character  amount and legal status of the debt.

42.    In its communications to the  Plaintiff, Ditech falsely stated that FNMA possessed the right to foreclose on the Plaintiffs property, despite the fact that no default letter pursuant to the terms of the mortgage had been sent to the  Plaintiff.

43.    These communications in an attempt to collect were sent to the   Plaintiff within one year before March 5, 2017.

44.    In addition, on or after March 5, 2016  Ditech caused to have legal action against the  Plaintiff, which action could not legally be taken. Specifically, scheduled a  mortgage foreclosure sale for  April 12, 2016.

45.    Ditech also after March 5, 2016 sought to evict the Plaintiff from his home by commencing an action on behalf of FNMA,  which could not be legally be taken due to the fact that the alleged foreclosure sale was invalid

46.    Each action of Ditech , described above,  constitutes a separate violation of the RIFDCPA for which Ditech is liable.

47.    The Plaintiff has incurred the following actual damages as a result of the violations of the RIFDCPA:

a.   He has incurred costs for gasoline to visit his attorney, driving to his attorney's office for a round trips totaling 59.6 miles. The IRS standard mileage allowance provides for .56 per mile.

b.   He used his cell phone to call and receive calls from his attorney. These calls are charged to him and as a result he had to recharge his cell phone battery by using electricity for the recharging.

c.   He has incurred legal fees and costs for the defense of the eviction action arising from the improper foreclosure. He has also incurred attorney fees and costs for the prosecution of this action.

48.   As a result of the above described acts of Defendant, it is liable to the Plaintiff for actual damage, statutory damages, attorney's fees and costs.

WHEREFORE,  Plaintiff demands that Judgment be entered against the  Defendant for the following relief:

A.   Judgment against Ditech Financial, LLC for actual damages, and statutory damages of $1,000.00 for each violation of the RIFDCPA.

B.   Judgment against Ditech Financial, LLC for legal fees and costs.

C.   For all other just and proper relief.

MICHAEL S. FORD
By his attorney,

March 5, 2016

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
401-943-9230
jbelaw@aol.com


**COUNT IV**

## COMPLAINT AGAINST DITECH FINANCIAL, LLC FOR VIOLATION OF THE PROVISIONS OF R.I.G.L. §19-14.11-4

49.    Paragraphs 1-48 are incorporated by reference.

50.    Ditech Financial, LLC,("Ditech") fka Greentree Services, LLC is a third party loan servicer doing business in the state of Rhode Island.

51.    Pursuant to the provisions of  R.I.G.L. §19-14.11-1, Ditech is a third party loan servicer required to be licensed by the State of Rhode Island Department of Business Regulation.

52.    Effective July 1, 2015, Ditech was prohibited from taking certain actions in regard to the servicing of the   Plaintiffs mortgage pursuant to the provisions of R.I.G.L. §19-14.11-4.

53.    These statutorily enacted prohibited acts and practices included the following actions of Ditech:

(2) Engage in any unfair or deceptive practice toward any person.

(4) Use any unfair or unconscionable means in servicing a loan.

(14) Knowingly or recklessly facilitate the illegal foreclosure of real property

54.    The failure of Ditech to send the   Plaintiff a default notice pursuant to the terms of the mortgage and conducting what it contended was a foreclosure sale rendered the foreclosure illegal as not in conformity with the terms of the mortgage and a violation of R.I.G.L. §19-14.11-4(14).

55.    The failure of Ditech to send the   Plaintiff a default notice pursuant to the terms of the mortgage and conducting what it contended was a foreclosure sale constituted an unfair or deceptive practice and a violation of R.I.G.L. §19-14.11-4(2).

56.    The failure of Ditech to send the   Plaintiff a default notice pursuant to the terms of the mortgage and conducting what it contended was a foreclosure sale constituted an unfair or unconscionable means of servicing  and a violation of R.I.G.L. §19-14.11-4(4).

57.    As a result of Ditech's violation of the provisions of  R.I.G.L. §19-14.11-4, Plaintiff has been damaged.  He has suffered emotional damages arising from an

illegal foreclosure and an eviction action arising from this illegal foreclosure. He has incurred costs arising from this illegal activity.

58.    Ditech was aware of the terms of the mortgage, which required a specific default letter to be sent to the mortgagor prior to the acceleration and sale of the property pursuant to the exercise of the statutory power of sale.

59.    Ditech's  commission of  these acts and practices, which were  prohibited by R.I.G.L. §19-14.11-4,  were reckless, wanton,  willful and malicious, warranting the imposition of punitive damages.

60.     Plaintiff has incurred legal fees arising from the violation of R.I.G.L. §19-14.11-4 and for the prosecution of this complaint to enforce the provisions of R.I.G.L. §19-14.11-4.

61.    The violation of a Rhode Island statute by Ditech constitutes an action for which Plaintiff may be compensated and for which the Defendant is liable.

WHEREFOREe   Plaintiff demands Judgment  for compensatory damages, punitive damages, attorney fees, costs and all other just and proper relief against Ditech Financial, LLC.

MICHAEL S. FORD
By his attorney,

March 5, 2016                              /s/ John B. Ennis_____
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
401-943-9230
jbelaw@aol.com

# COUNT V

## BREACH OF CONTRACT IN MISAPPLYING PAYMENTS TO THE PLAINTIFF'S MORTGAGE LOAN ACCOUNT

62.    Paragraphs 1-61 are incorporated by reference.

63.    On or after July 11, 2014 Defendants received $7680.00 , which had been paid by the Plaintiff to the Rhode Island Special Master in regard to prior litigation in this Court.

64.    On August 22, 2014 this sum of $7680.00 was improperly applied to the Plaintiff's mortgage loan account.

65.    Pursuant to the terms of the mortgage, when payments are made to the mortgage loan account, the payments must be applied in the following manner:

> **Application of Payments or Proceeds. Except as otherwise described in this  Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority:(a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument , and then to reduce the principal balance of the Note.**

66.    When this amount of $7680.00 was applied to the Plaintiff's mortgage loan, all of it was applied to reduce principal.

67.    As a result the Plaintiff has incurred damages by the failure to apply this payment first to interest due under the note as required by the mortgage for each of the monthly payments past due.

68.    The failure of the Defendant to comply with the terms of the mortgage caused the Plaintiff constituted a breach of contract.

69.    As a result Plaintiff is entitled to damages and attorney fees pursuant to R.I.G.L. 9-11-45.

Wherefore Plaintiff demands the following relief:

a.      All Damages arising from the Breach of Contract;

b.      Attorney fees pursuant to R.I.G.L. 9-11-45;

c.      All other just and proper relief;


                                        MICHAEL S. FORD
                                        By his attorney,

March 5, 2016                           /s/ John B. Ennis_____
                                        JOHN B. ENNIS, ESQ. #2135
                                        1200 Reservoir Avenue
                                        Cranston, RI 02920
                                        401-943-9230
                                        jbelaw@aol.com

## COUNT VI

## DECLARATORY JUDGMENT THAT THE DEFENDANTS DID NOT COMPLY WITH THE TERMS OF THE MORTGAGE AND AS A RESULT, THE ALLEGED FORECLOSURE SALE ON APRIL 12, 2016 WAS A NULLITY AND VOID

70.     Paragraphs 1-69 are incorporated by reference.

71.     This Court has subject matter jurisdiction over the matters in this complaint pursuant to the following statute:

       b.      The provisions of the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., grant the Court jurisdiction to determine certain legal questions relating to the property rights of the Plaintiff and the Defendants under certain assignments, powers of attorney, and a mortgage.  The Plaintiff asks that the alleged foreclosure sale be declared void due to the failure of the Defendants to comply with the terms of the mortgage.

72.     On or about April 12, 2016, Defendants purported to conduct a  foreclosure sale on the Plaintiff's home.

73.     On May 20, 2016 a purported foreclosure deed was recorded in Book 304 Page 255 of the Land Evidence Records of the Town of Richmond.

74.     Due to the defective default notice, FNMA was unable to exercise the statutory power of sale.

75.     As a result this purported foreclosure deed should be ordered rescinded.

76.     Plaintiff has incurred legal fees for the prosecution of this action.

            WHEREFORE, Plaintiff demands that this Court:

a.     Issue a Declaratory Judgment which declares that a valid  default notice incompliance with the terms of the mortgage was not sent to the Plaintiff at any time;

b.     Issue a Declaratory Judgment rescinding the purported Foreclosure Deed recorded in Book 304 Page 255 of the Land Evidence Records of the Town of Richmond;

c     Issue a Declaratory Judgment that the Plaintiff owns the property located at 30 Kenyon Hill Trail, Richmond, Rhode Island;

d.     Grant all other just and proper relief.

                                MICHAEL S. FORD
                                By his attorney,

March 5, 2016                   /s/ John B. Ennis
                                JOHN B. ENNIS, ESQ. #2135
                                1200 Reservoir Avenue
                                Cranston, RI 02920
                                401-943-9230
                                jbelaw@aol.com

Plaintiff Demands a Trial by Jury